883 A.2d 1043

IN THE MATTER OF ROBERT THOMAS GIBSON, AN
ATTORNEY AT LAW (ATTORNEY NO. 021591995).

September 7, 2005.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 05–050, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14, **ROBERT THOMAS GIBSON** of **MEDIA, PENNSYLVANIA,** who was admitted to the bar of this State in 1996, and who thereafter was temporarily suspended from the practice of law by Order of the Court filed August 16, 2002, and who remains suspended at this time, should be suspended from the practice of law for a period of one year based on his suspension from practice of law in the Commonwealth of Pennsylvania for conduct in violation of *RPC* 8.4(b) (criminal act that reflects adversely on fitness to practice);

And the Disciplinary Review Board further having concluded that respondent should be required to continue treatment with a drug and alcohol counselor until discharged and that prior to reinstatement to practice, respondent should submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics;

And good cause appearing;

It is ORDERED that **ROBERT THOMAS GIBSON** is suspended from the practice of law for a period of one year and until the further Order of the Court, retroactive to August 16, 2002; and it is further

ORDERED that respondent continue to be treated by a drug and alcohol counselor approved by the Office of Attorney Ethics until such time as respondent is discharged from treatment and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.